UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| KENNETH MCDAVID, | ) | |
| Petitioner, | ) | |
| vs. | ) | No. 2:16-cv-00192-LJM-DKL |
| BRIAN SMITH, | ) | |
| Respondent. | ) | |

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

The petition of Kenneth McDavid ("McDavid") for a Writ of Habeas Corpus challenges a prison disciplinary proceeding, identified as No. ISF15-08-0151, in which he was found guilty of possessing a controlled substance. Dkt. No. 1. For the reasons explained in this Order, McDavid's habeas petition must be **DENIED**.

**I. OVERVIEW**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss*, 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson*, 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision-maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985). *See also*, *Wolff v. McDonnell*, 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

1

## II. THE DISCIPLINARY PROCEEDING

On July 31, 2015, Sergeant C. Harder ("Sergeant Harder") wrote a Report of Conduct (the "Conduct Report"), charging McDavid with possession of a controlled substance. Dkt. No. 11, Ex. A. The Conduct Report states:

> On 7/31/2015 at approx. 1500 hrs, I Sgt. C. Harder entered 11 North and began a strip on offender Kenneth McDavid #943202 in the A side latrine. During the search, I ordered offender McDavid to remove his socks. When McDavid removed his left sock, I clearly observed a small object wrapped in plastic, leave McDavid's sock and land on the ground directly in front of me. I picked the object up and could see the item was orange film like substance inside the plastic. I took the item to the shift office to photograph the item and found there to be two small square shaped articles, both orange colored film like substances within the plastic. The items were photographed and forwarded to Internal Affairs. Offender McDavid was identified by state ID.

*Id.* After being photographed, the items described in the Conduct Report were taken into evidence. Dkt. No. 11, Exs. B-D.

McDavid was notified of the charge on August 7, 2015, when he received the Conduct Report and Notice of Disciplinary Hearing (Screening Report). Dkt. No. 11, Exs. A & E. McDavid plead not guilty to the charge. Dkt. No. 11, Ex. E. He indicated that he wished to call Offenders M. Patton and H. Arhelger as witnesses. *Id.* McDavid also requested that a video of the incident, which he claims will show that he "did not have socks on" in contrast to the Conduct Report, be considered as physical evidence. *Id.* Offender Wilbanks, in the place of Offender Patton, and Offender Arhelger each submitted statements in support of McDavid. Dkt. No. 11, Exs. F-G. Offender Carico also offered a statement supporting McDavid's position. Dkt. No. 11, Exs. J-K.

On August 10, 2015, the Disciplinary Hearing Board reviewed the video from the date, time, and place of the incident. Dkt. No. 11, Ex. I. The hearing officer determined

that McDavid would not be permitted to view the video because that would jeopardize the security of the facility. *Id.* However, a statement from disciplinary officer Tomaw indicated that the video depicted McDavid and Sergeant Harder in the latrine but noted that "due to the angle it is unclear as to what transpires in the latrine." *Id.*

The hearing officer conducted a disciplinary hearing on August 11, 2015. Dkt. No. 11, Ex. L. At the hearing, McDavid stated that he "[g]ot a write up on pants, Told IA. [sic] about that me and Sgt. Harder having trouble. Sgt. Harder started to mess with me." *Id.* The hearing officer found McDavid guilty of possession of a controlled substance. *Id.* In making this determination, the hearing officer considered staff reports, McDavid's statement, evidence from witnesses, and additional evidence. *Id.* The hearing officer recommended and imposed sanctions in the form of a written reprimand, loss of phone privileges, a sixty-day deprivation of earned credit time, and a suspended credit class demotion. *Id.*

On August 23, 2015, McDavid appealed to the Facility Head, who denied the appeal on September 9, 2015. Dkt. No. 11, Ex. M. McDavid appealed to the Final Reviewing Authority, who denied his appeal on January 11, 2016. Dkt. No. 11, Ex. N. McDavid finally brought this petition for a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254, on June 1, 2016.

### III. <u>ANALYSIS</u>

In his petition, McDavid argues that the evidence did not support the hearing officer's guilty determination in this case because the video evidence was unclear and

because three witnesses presented statements that contradicted the Conduct Report. Dkt. No. 1 at 1-2.[1]

Although McDavid argues that there is insufficient evidence to meet the preponderance of the evidence standard, the "some evidence" standard, rather than a preponderance standard, is applicable in this instance. *See Hill*, 472 U.S. at 454. The "some evidence" standard, which is "less exacting than the preponderance of the evidence standard," requires "only that the decision not be arbitrary or without support in the record." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999). A court applying the some evidence standard need not conduct a thorough examination of the entire record, assess witness credibility, or weigh evidence; instead, a court must "only determine whether the prison disciplinary board's decision … has some factual basis." *Id.* (quoting *Hill*, 472 U.S. at 455-56). *See also*, *Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard … is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted).

McDavid argues that there is insufficient evidence to support the hearing officer's determination because the video of the incident was unclear and because three witnesses provided statements that contradicted the Conduct Report. Dkt. No. 1 at 1-2. However, the Conduct Report, which "alone provides 'some evidence' for the … decision,"

---

[1] McDavid also broadly claims that Sergeant Harder consistently harassed him in support of his petition. Dkt. No. 1 at 2. However, he did not provide any evidence of such harassment and did not indicate how the alleged harassment affected the evidence within the record. Therefore, any argument related to Sergeant Harder's alleged harassment is waived. *See Puffer v. Allstate Ins. Co.*, 675 F.3d 709, 718 (7th Cir. 2012) (finding that undeveloped arguments and arguments unsupported by pertinent authority are waived).

constitutes sufficient evidence to support the hearing officer's determination. *McPherson*, 188 F.3d at 786. Specifically, Sergeant Harder stated in the Conduct Report that he "clearly observed a small object wrapped in plastic, leave McDavid's sock and land on the ground directly in front of [him]." Dkt. No. 11, Ex. A. This alone is sufficient evidence to establish possession. The record further includes photographs of the items that Sergeant Harder described in the Conduct Report in support of the hearing officer's determination. Dkt. No. 11, Exs. B & C. Although McDavid seemingly requests that the Court reweigh the evidence in this case to give greater weight to his witnesses' statements, such reweighing of the evidence is inappropriate in this context. *See Meeks v. McBride*, 81 F.3d 717, 720 (7th Cir. 1996) (quoting *Viens v. Daniels*, 871 F.2d 1328, 1335 (7th Cir. 1989)) (stating that "*Hill* does not permit court to consider the relative weight of the evidence presented to the disciplinary board" unless the offender presents evidence that "'directly undercuts the reliability of the evidence on which the disciplinary authority relied' in support of its conclusion"). Therefore, the Conduct Report provides sufficient evidence to support the hearing officer's determination.

## IV. CONCLUSION

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles McDavid to the relief he seeks. Accordingly, McDavid's petition for writ of habeas corpus must be **DENIED**, and the action dismissed. Judgment will be entered accordingly.

## CERTIFICATE OF APPEALABILITY

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2254 proceedings, and 28 U.S.C. § 2253(c), the Court finds that McDavid has failed to show that reasonable jurists would find it "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Therefore, the Court **DENIES** a certificate of appealability.

IT IS SO ORDERED this 5th day of June, 2017.

_____
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution attached.

Distribution:

Marjorie H. Lawyer-Smith
INDIANA ATTORNEY GENERAL
marjorie.lawyer-smith@atg.in.gov

KENNETH MCDAVID
943202
PUTNAMVILLE - CF
PUTNAMVILLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
1946 West U.S. Hwy 40
Greencastle, IN 46135